MEMORANDUM **
Petitioner, a Chaldean Christian Iraqi citizen, seeks review of the denial of his *690 application for asylum and withholding of removal and of his request for relief pursuant to the Convention Against Torture (“CAT”). The Immigration Judge (“IJ”) denied relief because he found that petitioner was not credible and the Board of Immigration Appeals (“BIA”) summarily affirmed. We conclude that the record adequately supports the adverse credibility determination and accordingly deny the petition for review.
We have jurisdiction to review this petition under 8 U.S.C. § 1252. Where the BIA summarily affirms the IJ’s decision, “we review the IJ’s decision as if it were that of the Board.” Zhao v. Mukasey, 540 F.3d 1027, 1029 (9th Cir.2008). The findings of fact are reviewed under the substantial evidence standard and a denial of asylum will be affirmed if “supported by reasonable, substantial, and probative evidence on the record considered as a whole.” Id. “Reversal is warranted, however, if the evidence in the record compels a reasonable factfinder to conclude that the IJ’s decision is incorrect.” Id.; see also INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (the BIA’s decision can be reversed “only if the evidence presented by [petitioner] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed”).
The IJ based his adverse credibility finding on petitioner’s inability to name, during his testimony before the IJ, the Ba’ath Party, which was headed by Saddam Hussein, and which petitioner alleged had persecuted, detained, beaten, and sexually molested him. At a preliminary hearing before the IJ, petitioner was asked if he had reviewed his asylum application and his declaration with his attorney. Petitioner stated that he had, and that he understood all of the information contained in the application and declaration and did not want to make any changes or additions. Again, at the commencement of his final hearing before the IJ, petitioner was asked if he had carefully reviewed his application and declaration with his attorney. He responded under oath that he had and that he understood all of the information contained in the application and declaration. The record shows that petitioner’s declaration in support of his application for asylum mentioned the Ba’ath Party by name, and that he discussed the party with his attorney the day before his testimony. Petitioner’s counsel attempted to excuse petitioner’s inability to recall the name of the party based on petitioner’s nervousness while testifying and his alleged limited intelligence. When the IJ reopened the evidence and asked petitioner to explain why he could not name the party that was specifically mentioned in his declaration, petitioner did not claim nervousness or forgetfulness; rather, his explanation was that he did not know how to read or write and did not know party names. Certainly, the dissent makes a strong argument that the IJ could have accepted these arguments, but we determine that IJ was not compelled to do so. The identity of those allegedly responsible for an applicant’s persecution certainly goes to the heart of the applicant’s claim. See Li v. Ashcroft, 378 F.3d 959, 964 (9th Cir.2004) (quoting Wang v. INS, 352 F.3d 1250, 1259 (9th Cir.2003) that “[s]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [Li’s] claim of persecution, we are bound to accept the IJ’s adverse credibility finding.”). Reviewing the totality of the circumstances we find the IJ’s adverse credibility determination to be adequately supported by substantial evidence.
Although petitioner objects that the IJ speculated that petitioner may not have even lived in Iraq, this arose from petition *691 er’s inability to name the Ba’ath Party, and was not critical to the IJ’s adverse credibility determination. The IJ’s comment did not make petitioner’s testimony — the only evidence petitioner proffered in support of his specific claim of persecution — any less incredible.[1]
Where, as here, the application for withholding of deportation is based on the same evidence as the application for asylum, a petitioner’s failure to establish eligibility for asylum forecloses the availability of withholding of deportation relief. Gomes v. Gonzales, 429 F.3d 1264, 1266 (9th Cir.2005); see also Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
Similarly, where, as here, a petitioner’s CAT claim is based on statements that are found to be not credible, and the petitioner offers no other evidence to support his claim, the CAT claim is properly rejected. See Farah v. Ashcroft, 348 F.3d 1153, 1156-57 (9th Cir.2003).
The petition to review the BIA’s denial of asylum, withholding of removal, and relief under the Convention Against Torture is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Petitioner did submit documentary evidence concerning his Iraqi citizenship. Despite the IJ's ill-advised comment, he did find that petitioner was a native and citizen of Iraq. Both sides also submitted documentary evidence concerning the changed circumstances in Iraq and their impact on the Chaldean Christian community.